AMALIA DÍAZ, demandante y apelada, *v.* GABRIEL JANER, demandado y apelante.

No. 6551.—*Sometido:* Febrero 12, 1934. *Resuelto:* Febrero 20, 1934.

*Felipe Janer,* abogado del apelante; *Arturo Vahamonde,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Amalia Díaz inició una acción de divorcio contra Gabriel Janer, quien estableció una contrademanda que fué declarada con lugar por la corte inferior, declarando roto y disuelto el vínculo matrimonial existente entre demandante y demandado, y reconociendo el derecho de la demandante contrademandada a continuar las relaciones de familia con su hijo, menor de edad, Felipe Janer Díaz.

Solicitó la demandante que la corte fijara las relaciones

de familia entre ella y su hijo y parece que esta moción fué resuelta ordenándose al demandado y contrademandante que enviase el menor a la casa de Amalia Díaz todos los días martes, jueves y sábado de cada semana de dos a cuatro de la tarde. Decimos que parece que así se resolvió por la corte inferior, porque la resolución apelada no ha sido aún unida a los autos y esta información la tomamos de la moción de la parte apelada, solicitando que se desestime el recurso interpuesto.

De acuerdo con la certificación expedida por el Secretario de la Corte de Distrito de San Juan, el demandado radicó su escrito de apelación en 26 de agosto de 1933. En 26 de septiembre solicitó una prórroga de treinta días para radicar la transcripción de evidencia y en 27 de octubre y 24 de noviembre de 1933, se solicitaron nuevas prórrogas con el mismo fin. En esta fecha se presentó fuera de término en la corte inferior la transcripción de evidencia, a los noventa días de interpuesto el recurso de apelación. Como esta transcripción de evidencia no podía legalmente radicarse sin la concesión de un nuevo término se solicitó y obtuvo de esta corte, y en 12 de febrero de 1934 fué elevada la referida transcripción de evidencia a este tribunal.

Alega la parte apelada que el demandado apelante ha dejado transcurrir el término de noventa días sin haber radicado la apelación en este tribunal y que además el recurso interpuesto es completamente frívolo y sólo persigue el propósito de demorar la resolución recaída en la corte inferior en contra de la demandante apelada.

La regla 59 de este tribunal, citada por la parte apelada en apoyo de su moción dice así:

"Expirado el término de noventa días desde la fecha en que presentare el escrito de apelación, y no obstante las prórrogas concedidas por la corte inferior, el Tribunal a discreción podrá desestimar una apelación que no haya sido anteriormente registrada en este Tribunal, mediante moción presentada al efecto, si se probare satisfactoriamente que el apelante no ha proseguido su apelación con la diligencia debida o de buena fe, o que tal apelación es frívola."

No está desacertada la demandante al asegurar que el demandado no ha proseguido su recurso con la debida diligencia. La transcripción de evidencia, que consta solamente de 25 páginas, ha podido ultimarse en un corto período de tiempo. La parte apelante ha debido cuidarse de que la resolución recurrida, base de su apelación, fuese unida a los autos. No se ha desplegado a nuestro juicio la debida diligencia en la tramitación de este recurso, que además no puede considerarse completamente perfeccionado, ya que en los autos se nota todavía la ausencia de la resolución que motivó la interposición del mismo.

En cuanto a la cuestión de frivolidad, no podemos resolverla faltándonos la base que es la resolución recurrida. No importa que la parte apelada exponga en su moción los pronunciamientos de la corte inferior y que de los mismos surja la frivolidad del recurso, si no tenemos acceso a la resolución que lo motiva.

*El recurso interpuesto debe ser desestimado.*